IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| SULPHUR MANOR, INC. d/b/a | ) | |
| CALLAWAY NURSING HOME, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-250-RAW |
| | ) | |
| SYLVIA BURWELL, in her official capacity | ) | |
| as Secretary of Health and Human Services, | ) | |
| United States Department of Health and | ) | |
| Human Services; and | ) | |
| NICO GOMEZ, in his official capacity | ) | |
| as Chief Executive Officer, Oklahoma | ) | |
| Health Care Authority, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Before the court is the motion of the plaintiff for injunction pending appeal. On July 8, 2015, this court entered a temporary restraining order (#11) against the defendants pending determination of jurisdiction. On July 20, 2015, the court entered an order (#24) granting the motion of defendant Burwell to dismiss for lack of subject matter jurisdiction. Plaintiff has appealed that order and has filed the present motion, seeking relief pursuant to Rule 62(c) F.R.Cv.P. The court denies the motion.[1]

First, although there is authority to the contrary, this court finds persuasive the view that "[a]s this Court previously found that it lacks subject matter jurisdiction over this action,

---

[1] Plaintiff has not requested filing a reply brief. The court has elected to rule in the absence of a reply, in any event. The court would permit and consider a reply brief if there were a factual issue (such as whether plaintiff's residents are in "immediate jeopardy") that could be determinative. The court's ruling is not based on the "immediate jeopardy" issue, however, but based upon existing case law.

the Court finds that it lacks the authority to issue the requested injunctive relief during the pendency of Plaintiff's appeal." *Bayou Shores SNF, LLC v. Burwell,* 2014 WL 4101761, *5 (M.D.Fla.2014). This view is also supporting by authority, which is cited in the district court's opinion.

Assuming *arguendo* this court has jurisdiction, the court must consider the following four-factor test: (1) whether the stay applicant has made a strong showing that it is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the pubic interest lies. *Nken v. Holder,* 556 U.S. 418, 434 (2009). The first two factors are "the most critical." *Id.* The third and fourth factors merge when the Government is the opposing party. *Id.* at 435.[2]

For the reasons stated in the court's order dismissing this action, the court is unable to conclude that plaintiff has made a strong showing that it is likely to succeed on the merits of its appeal. Simply because the Tenth Circuit has not expressly ruled on certain issues raised by plaintiff does not mean this factor is satisfied. Although the Tenth Circuit may disagree should plaintiff seek a stay pursuant to Rule 8 of the Federal Rules of Appellate

---

[2]Traditionally, the Tenth Circuit has held that the first factor is "somewhat relaxed" if a movant is able to establish that the "three harm factors" tip decidedly in its favor, and is satisfied by showing questions going to the merits so serious, substantial, difficult, and doubtful as to make the issue ripe for litigation and deserving of more deliberate investigation. *See FTC v. Mainstream Mktg. Servs., Inc.,* 345 F.3d 850, 852-53 (10th Cir.2003). Recently, the court observed: "We are not persuaded, however, that this relaxed standard is consistent with Supreme Court precedent." *Warner v. Gross*, 776 F.3d 721, 728 n.5 (10th Cir.2015).

Procedure, this court finds that the jurisdictional issues raised are resolved by statute and existing case law.

Plaintiff has asserted irreparable harm in (1) the loss of Medicare and Medicaid payments will force plaintiff to close; (2) the forced closure will cause transfer trauma to its residents; and (3) the forced closure will affect staff and the local economy. The court agrees with defendant Burwell that "[Plaintiff] has standing to assert only the first category of alleged harm." (#34 at 9). It is also true that "[Plaintiff] provides no evidence of its financial condition, the state of its reserves, or whether its owner operates other facilities that could pool resources." (*Id.* at 9-10). Again, if this factual issue were dispositive, the court would direct plaintiff to file a reply brief addressing it. This court has found that it lacks jurisdiction to grant the relief requested, and is simply addressing the four-factor test in the interest of thoroughness.

As stated, with respect to the balance of equities and the public interest, these two factors merge into one inquiry – whether an injunction is in the public interest – where, as here, the government is the opposing party. *See Drakes Bay Oyster Co. v. Jewell,* 747 F.3d 1073, 1092 (9th Cir.2013). The court concludes granting plaintiff's motion is not in the public interest. There is a significant risk that the government would be unable to recover overpayments made during the duration of the appeal. Also, there is a public interest in

ensuring compliance with Medicare and Medicaid requirements and enforcing discipline against non-compliance.[3]

It is the order of the court that the motion for injunction pending appeal (#27) is hereby denied.

**ORDERED THIS 29th DAY OF JULY, 2015.**

**Dated this 29th day of July, 2015.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

---

[3] Defendants made a finding of "immediate jeopardy" to plaintiff's residents subsequent to the initial notice of termination. Plaintiff has submitted an affidavit challenging the factual basis for the finding (#33-1). Also, the fact that this finding was made after plaintiff had commenced litigation leads plaintiff to suggest possible retaliation. The court is not relying upon the "immediate jeopardy" finding for purposes of the present ruling as its resolution is not necessary.